UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-205-GWU

ERNEST HAMPTON,                                                                    PLAINTIFF,

VS.                                            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                                   DEFENDANT.

## INTRODUCTION

Ernest Hampton brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

|     | |
| --- | --- |
|     | Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921. |
| 4.  | Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d). |
| 5.  | Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a). |
| 6.  | Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e). |
| 7.  | Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1). |

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-205 Hampton

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hampton, a 45 year-old former carpenter and bakery worker with a "limited" education, suffered from impairments related to chronic neck and back pain, headaches and loss of vision in the left eye. (Tr. 17, 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 18, 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Hampton filed his current DIB and SSI applications on August 23, 2004, alleging a disability onset date of July 19, 2004. (Tr. 15). The plaintiff had filed earlier DIB and SSI applications in October of 2002. (Tr. 60-62, 344-346). These

were denied at the initial and reconsideration levels and no further appeal was taken. (Tr. 32-33, 347, 353). The claimant then returned to work from 2002 until 2004. (Tr. 382). Thus, he does not seek reopening of the earlier applications.

The hypothetical question presented to Vocational Expert James Miller included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to perform excessive heavy lifting; (2) an inability to more than occasionally stoop, bend, or crouch; (3) an inability to drive at night due to poor vision, read fine print and/or perform jobs requiring more than limited depth perception; (4) a need to avoid exposure to extreme cold and humidity; and (5) a "limited but satisfactory" ability to relate to co-workers, deal with the public, deal with work stresses, maintain attention and concentration, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. (Tr. 392). In response, the witness identified a significant number of jobs in the national economy which could still be performed.[1] (Tr. 393). Therefore, assuming that the vocational factors considered by Miller fairly depicted Hampton's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. The question was consistent with the

---

[1] Miller testified that the past work could still be performed. (Tr. 393). However, the ALJ ultimately chose to find that the past work was precluded.

opinion of Dr. Benjamin Mackay, an examining consultant who precluded heavy lifting and noted problems with night driving and reading fine print. (Tr. 311).

Dr. Jules Barefoot, another examiner, imposed no lifting limitations, noted that Hampton could sit and stand, and had no restrictions concerning manipulating objects or grip strength. (Tr. 222-223). The only specific restriction indicated was a need to avoid exposure to heights and moving machinery. (Tr. 223) This was omitted from the hypothetical question by the ALJ. However, the doctor related this limitation to the claimant's vision problems. (Id.). This limitation was not imposed by Dr. Mackay, a examining eye specialist. Furthermore, exposure to heights and moving machinery would not appear to be a requirement of at least the position of cafeteria attendant, one of the positions identified by Miller (Tr. 393), according to Section 311.677-010 of the Dictionary of Occupational Titles (DOT). Therefore, this opinion also supports a finding of not disabled.

Dr. Parandhamulu Saranga (Tr. 252-260) and Dr. David Swan (Tr. 261-269), the non-examining medical reviewers, each opined that the plaintiff would be restricted to a limited range of medium level work. The doctors did impose limitations on climbing ladders, ropes or scaffolds no more than occasionally and a need to avoid concentrated exposure to hazards which were not presented to the vocational expert. DOT Section 311.677-010 indicates that at least with regard to the job of cafeteria attendant, these activities would not be required. Neither of the examining sources imposed a climbing restriction. The administrative regulations

state that "generally we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). Therefore, these opinions do not support the plaintiff's claim of disabled status.

During the relevant time period, Hampton sought treatment from such sources as Dr. Douglas Katz (Tr. 196-203), the East Bernstadt Medical Center (Tr. 204-211), Dr. James Huffman (Tr. 212-219, 303-308), and Dr. Jackie Maxey (Tr. 285-301, 325-342), none of which imposed more severe physical restrictions on the plaintiff than those found by the ALJ. Dr. Maxey did note reports of extreme pain from the patient, but the doctor never referred him to a specialist or imposed disabling functional limitations. Therefore, these reports are also compatible with the ALJ's findings.

Dr. Gopal Rastogi, an examining source, opined that Hampton was "not fit for gainful employment." (Tr. 233). The ALJ rejected this opinion because it was offset by those of two other examining sources. (Tr. 20). This action appears appropriate. Dr. Rastogi was not a treating source whose opinion would be entitled to superior weight.

The hypothetical question also fairly characterized Hampton's mental status. The ALJ found that the plaintiff's mental problems were not "severe." (Tr. 17). Nevertheless, the ALJ included an number of mental restrictions in the hypothetical question presented to Miller and these were consistent with those identified by

Psychologist Kenneth Starkey, an examining source. (Tr. 323-324). This opinion offsets that of Psychologist Reba Moore, also a one-time examiner who noted more severe mental limitations. (Tr. 230-231). Finally, the ALJ's finding was consistent with the opinion of Psychologist Jay Athy, a non-examining medical reviewer, who opined that the claimant's mental problems were not "severe." (Tr. 270). Therefore, substantial evidence supports this portion of the administrative decision.

Hampton argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan: there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Hampton was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. As previously noted, Dr. Maxey never referred the plaintiff to a specialist despite his pain complaints. Dr. Barefoot's physical examination results revealed a full range of motion in the cervical and lumbar spines as well as the shoulders, elbows, wrists, hips and knees. (Tr. 222). MRI Scans from February and March of 2002 revealed abnormalities in the cervical and lumbar spines. (Tr. 184, 186). Despite these findings the claimant returned to work for two

07-205 Hampton

years. Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of March, 2008.

Signed By:
*G. Wix Unthank*
United States Senior Judge